IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOKIN LYNN ROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 20-711 |
| | ) |
| ANDREW M. SAUL, | ) |
| *Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | |

ORDER

AND NOW, this 25th day of August, 2021, upon consideration of the parties' motions for summary judgment, the Court will grant the Commissioner of Social Security's ("Commissioner") motion except as to costs.[1]  The findings in the Commissioner's final decision denying Plaintiff's application for benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, and Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, are supported by substantial evidence, and the Court detects no legal error in the decision.  Therefore, the Court will affirm it.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (citing 42 U.S.C. § 405(g)); *Sweeney v. Comm'r of Soc. Sec.*, 847 F. Supp. 2d 797, 799 (W.D. Pa. 2012) (citing *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001); *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir.1999)).[2]

---

[1]  The Commissioner requests a favorable entry of summary judgment "together with costs being taxed against Plaintiff." (Doc. No. 17, pg. 2).  However, as the Commissioner has not advanced any argument as to why costs should be taxed against Plaintiff, the Court will deny the motion as to costs without further discussion.  *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining that "conclusory assertions are not enough" to raise an issue to the Court).

[2]  Plaintiff argues that the Commissioner's final decision—here, the ALJ's decision, *see* 20 C.F.R. § 416.1481—should be reversed because the ALJ failed to find several of his medically determinable impairments severe, failed to appropriately consider certain medical opinion

evidence, formulated a residual functional capacity ("RFC") that includes abilities beyond his capacity, rejected Plaintiff's complaints without a rational basis, and relied on incomplete vocational expert ("VE") testimony to find jobs were available to him. The Court is unpersuaded of the alleged errors and finds the ALJ's decision is supported by substantial evidence. Accordingly, the Court will affirm the decision and enter summary judgment in favor of the Commissioner.

In this matter, the ALJ considered Plaintiff's alleged disability pursuant to the five-step, sequential evaluation prescribed in the regulations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step two of that inquiry, ALJs must determine whether a claimant has "a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R.] § 416.909, or a combination of impairments that is severe and meets the duration requirement." *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If no such impairment or combination of impairments is found at step two, the claimant will be found "not disabled." *Id.* An impairment or combination of impairments is severe if it "significantly limits your physical or mental ability to do basic work activities." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citations omitted). Only where an impairment "would have no more than a minimal effect on an individual's ability to work" would the impairment be found not severe. *Id.* (citing SSR 85-28, 1985 WL 56856 (S.S.A. Jan. 1, 1985)). When a claimant shows that even one impairment or combination of impairments is severe at step two, the inquiry proceeds to step three. *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007).

Plaintiff argues the ALJ erred insofar as he did not find Plaintiff's bilateral epicondylitis, carpal tunnel syndrome, or mental impairments were severe medically determinable impairments. The ALJ did however find that Plaintiff suffered two severe, medically determinable impairments—lumbar degenerative disc disease and status post leg fractures requiring surgical repair. (R. 498). He specifically considered Plaintiff's "bilateral epicondylitis, carpal tunnel syndrome, [and] mental impairments" (R. 499) but explained that the evidence led him to find those impairments non-severe. (R. 499—501). He indicated that he would consider them as non-severe impairments in the formulation of Plaintiff's RFC. (R. 501). Because the ALJ ultimately decided step two in Plaintiff's favor, any error in failing to find further severe, medically determinable impairments would not be reversible. *See Salles*, 229 F. App'x at 145 n.2. Therefore, the Court will not linger on this issue but will address the ALJ's consideration of all the evidence of Plaintiff's severe and non-severe impairments in its evaluation of the RFC determination.

Plaintiff next argues that the ALJ did not appropriately consider certain medical opinion evidence in the record, particularly opinion evidence from Dr. Stepanow, Plaintiff's primary care physician, and consultative examiner ("CE"), Dr. Raymundo. ALJs consider "every medical opinion [they] receive." 20 C.F.R. §§ 404.1527(c); 416.927(c). In their evaluation of the medical opinion evidence, ALJs consider a number of factors including whether the source has had the opportunity to examine the claimant, the source and claimant's treating relationship, how well supported the opinion is, consistency with the rest of the record, and the source's

2

specialization. *Id.* For claimants who, like Plaintiff, filed their applications for disability before March 27, 2017, medical opinion evidence offered by a treating physician is afforded priority, potentially unto the point of being afforded "controlling weight." *Id.* §§ 404.1527(c)(2); 416.927(c)(2). Controlling weight is appropriate where a claimant's treating source's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.*

ALJs must clearly articulate why they afforded certain weight to a medical opinion. *See Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981) ("[A]n administrative decision should be accompanied by a clear and satisfactory explication of the basis on which it rests."). For treating physician evidence, the ALJ may not reject that evidence where there is no "contradictory medical evidence." *Schonewolf v. Callahan*, 972 F. Supp. 277, 285 (D.N.J. 1997). Where the ALJ does reject a treating source's opinion, he must "explain[] on the record the reasons for doing so." *Id.* This encompasses a duty to explain why opinion evidence was not found "deserving of more probative weight." *Id.* at 286; *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted) ("In choosing to reject the treating physician's assessment, an ALJ may not make 'speculative inferences from medical reports,'" nor reject the opinion "due to his or her own credibility judgments, speculation or lay opinion.").

Here, the ALJ considered opinion evidence from Dr. Stepanow and Dr. Raymundo. Dr. Stepanow had completed several Pennsylvania Department of Public Welfare medical assessment forms for Plaintiff between 2012 and 2017 wherein he indicated Plaintiff suffered from "temporary incapacity." (R. 403—04, 449—50, 452—53, 454—55, 457—58). On June 14, 2017, Dr. Stepanow also indicated that Plaintiff "had a medical condition that affects his . . . ability to earn income from 3/2012 through present" to the Butler County Court of Common Pleas, Domestic Relations Section. (R. 712). The ALJ considered this evidence but found that the opinions expressed by Dr. Stepanow were "not persuasive for purposes of [the] decision" because they did "not reflect an assessment of [Plaintiff's] residual functional capacity." (R. 505).

Plaintiff contends that the ALJ should have afforded Dr. Stepanow's opinion "substantial weight" and inadequately justified his failure to do so in the decision. (Doc. No. 16, pg. 17). The Court finds no such shortcoming in the ALJ's consideration of Dr. Stepanow's opinion. As the ALJ indicated, the forms filled by Dr. Stepanow provided little information that might have reflected functional limitations appropriate for inclusion in the RFC. Far from a well-supported analysis of Plaintiff's impairments, symptoms, or limitations, Dr. Stepanow's assessment as documented on these forms goes to the ultimate issue of Plaintiff's ability to work. It is axiomatic that a medical source's pronouncement on a final issue, *e.g.*, writing that the claimant is "disabled" or "unable to work" is not a "medical opinion." 20 C.F.R. § 404.1527(d)(1); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (explaining that ALJs, not physicians, make disability determinations). Thus, it was appropriate for the ALJ not to afford Dr. Stepanow's assessment substantial weight pursuant to the treating physician rule and this was adequately explained in the decision.

3

      The ALJ also considered the opinion of consultative examiner Dr. Raymundo, who examined Plaintiff in August 2013. (R. 505). Dr. Raymundo's impression of Plaintiff was that he suffered from "[c]hronic pain syndrome secondary to previous injuries," "[p]olyarthralgia with low back pain, bilateral knee pain, left shoulder pain, left hip pain," a "[h]istory of social anxiety," and a "[h]istory of asthma." (R. 428). She opined that he could lift and carry up to twenty pounds occasionally. (R. 432). She also found he should never kneel, crouch, crawl, or be exposed to unprotected heights. (R. 433—34). For sitting, standing, and walking, Dr. Raymundo indicated Plaintiff could perform those activities for less than one hour at a time, but did not specify aggregate workday limitations. (R. 435). The ALJ found Dr. Raymundo's opinion "generally persuasive and consistent with the evidence," supportive of light-work ability, and afforded it "some weight." (R. 505). Plaintiff contends that Dr. Raymundo's opinion should have been afforded "substantial weight" because she was "specifically chosen by the Social Security Administration" to evaluate Plaintiff. (Doc. No. 16, pg. 17). Plaintiff also posits that it would be "reasonable to assume that [Dr. Raymundo] also had the opinion that Plaintiff would not be able to [sit, stand, or walk] for a total of any significant hours" and that Dr. Raymundo may have noted Plaintiff "can only sit, stand or walk for a total of 10 minutes at a time" according to one interpretation of her "difficult to read" handwriting. (Doc. No. 16, pgs. 16, 18).

      While a State agency consultative examiner's expertise may factor into an ALJ's decision to afford his or her opinion significant weight, such opinions are not entitled to great weight. *See Chandler*, 667 F.3d at 361 (explaining the value afforded State agency medical and psychological consultant's opinions due to the consultants' expertise in Social Security disability programs). As with all medical opinion evidence, ALJs must articulate the bases of their consideration of such opinions and the weight afforded them. *Cotter*, 642 F.2d at 707. Here, the ALJ considered that certain portions of Dr. Raymundo's opinion appeared to lack support in the objective medical evidence. (R. 505). The ALJ cited Dr. Raymundo's finding that Plaintiff would be limited in overhead reaching and noted the absence of objective evidence supporting that finding in the record. (R. 505). While there is evidence that Plaintiff suffered from shoulder and elbow pain (*e.g.*, R. 499, 723), Plaintiff does not point to any objective medical evidence of an overhead reaching limitation that the ALJ overlooked. Neither does the Court's review of the record reveal objective medical evidence that establishes Plaintiff was limited in overhead reaching.

      Next, Plaintiff argues that substantial evidence in the record does not support the ALJ's RFC determination and that he cannot perform work activities at the level the RFC would demand of him. For instance, the ALJ found Plaintiff could perform "light work." (R. 502). Light work generally requires "a good deal of walking or standing." 20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967(b); *Jesurum v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, 48 F.3d 114, 119 (3d Cir. 1995) (citing SSR 83-10, 1983 WL 31251 at *6 (S.S.A. Jan. 1, 1983)) (explaining "light work generally requires the ability to stand and carry weight for approximately six hours of an eight hour day"). Plaintiff argues that finding he can stand or walk six hours a day is contrary to substantial evidence in the record including Dr. Raymundo and Dr. Stepanow's

opinions. (Doc. No. 16, pg. 18). Plaintiff further argues that his carpal tunnel syndrome, bilateral epicondylitis, and mental health impairments were not reflected in the RFC.

The Court has already explained why it is unpersuaded by Plaintiff's challenges to the ALJ's consideration of medical opinion evidence from Drs. Stepanow and Raymundo. The Court further finds the ALJ's RFC determination is supported by substantial evidence. The substantial evidence standard is deferential. *Schaudeck*, 181 F.3d at 431. Indeed, even the "presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 764 (3d Cir. 2009). In this case the ALJ cited substantial evidence in support of the RFC determination. He considered Plaintiff's representations of his symptoms and limitations, *e.g.*, that Plaintiff spent hours in his recliner each day to alleviate back pain and that he could only lift up to fifteen pounds. (R. 502—03). He considered Plaintiff's testimony concerning leg pain, temperature sensitivity, and limited distance walking arising from lower extremity injuries in 2006. (R. 503). He also considered that Plaintiff indicated he could only sit between thirty and sixty minutes due to hip pain. (R. 503). In addition to Plaintiff's representation of pain and limitations, the ALJ noted Plaintiff's activities like performing light cleaning work for a construction company. (R. 503).

Reviewing this evidence against objective medical evidence the record, the ALJ found that Plaintiff's medically determinable impairments could indeed cause his symptoms, but not unto the "intensity, persistence and limiting effects" alleged. (R. 503). He considered medical evidence of symptoms arising from Plaintiff's leg and back impairments like imaging evidence that demonstrated Plaintiff had a "a small annular tear" and bulging disc in his lumbar spine, but no "disc protrusion or stenosis." (R. 503). He noted that Plaintiff had not been referred for surgery and that Plaintiff's treatment—including "lumbar epidural steroid injections"—was relatively "conservative." (R. 503). Later imaging evidence in the record, from 2018, indicated that Plaintiff suffered from a "mild disc bulge" and "some moderate narrowing of the spinal canal" in his lumbar spine," but maintained "normal lower extremity strength and range of motion." (R. 504). Records from Plaintiff's primary care provider in 2019 confirmed that though Plaintiff continued to experience back and leg pain, he demonstrated "essentially normal [physical] findings" other than "low back tenderness." (R. 505). The ALJ further considered indicia of Plaintiff's difficulty with his right hand in 2015. (R. 504). But noted that Plaintiff was, in 2015, engaged in substantial gainful activity, and that there was little evidence of medical treatment in the record from 2016—17. (R. 504). He found Plaintiff's mental health treatment during this time was "limited" (R. 504), which is borne out by the Court's review of the record. (*See* R. 460—88, 665—89, 881—904).

The ALJ next considered opinion evidence in the record, and found it supported a limited light-work capacity. He noted Dr. Raymundo's opined limitation that Plaintiff should only sit, stand, or walk for less than one hour continuously and required "regular position changes," but also noted that she did not prescribe limitations on the total time Plaintiff could sit, stand, or walk in a day. (R. 505). He afforded that opinion "some weight," as discussed *supra*. (R. 505).

---

He similarly afforded "some weight" to the opinion provided by State medical consultant Abu N. Ali, M.D. (R. 505—06). Dr. Ali reviewed Plaintiff's file in August of 2013 and found Plaintiff would be able to perform "light work" with some postural and environmental limitations. (R. 505).

Reviewing the ALJ's consideration of the evidence, the Court is assured that the evidence cited in support of the RFC determination is "more than a mere scintilla." *Biestek*, 139 S. Ct. at 1154 (citing *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). And Plaintiff has not pointed to "relevant, probative and available evidence" in the record that the ALJ missed en route to his formulation of the RFC. *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979). The ALJ simply determined that Plaintiff had not demonstrated limitations beyond those that that were ultimately accounted for in the RFC. *See Sweeney v. Comm'r of Soc. Sec.*, 847 F. Supp. 2d 797, 800 (W.D. Pa. 2012) (indicating that the burden of production remains with claimants through the RFC-determination). Indeed, though this record could be read to justify further limitations, the Court's role is not to act as fact finder, but to exercise deference in its review of the agency decision. *See Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). In this instance, the deferential substantial evidence standard counsels the Court to leave the ALJ's determination of Plaintiff's RFC undisturbed.

The Court need only briefly address Plaintiff's argument that the ALJ's decision reflects failure to appropriately consider Plaintiff's complaints. Plaintiff argues that because his doctors' records confirmed that pain was a problem for him, the ALJ should have accepted Plaintiff's testimony of pain and physical impairments. (Doc. No. 16, pg. 20). He further argues that ALJs must have a "rational basis" for discounting allegations of pain. (Doc. No. 16, pg. 20 (citing *Duncan v. Sullivan*, 786 F. Supp. 466, 470 (E.D. Pa. 1992); *Alexander v. Shalala*, 927 F. Supp. 785, 795 (D.N.J. 1995), aff'd sub nom. *Alexander v. Comm'r of Soc. Sec.*, 85 F.3d 611 (3d Cir. 1996))). Because the ALJ expressly considered Plaintiff's representation of his pain and limitations alongside other evidence in the record to determine the true "intensity, persistence, and limiting effects of [his] symptoms," SSR 16-3P, 2017 WL 5180304 at *6 (S.S.A. Oct. 25, 2017), this argument amounts to no more than a request to reweigh the evidence. As explained above, the ALJ's determination of Plaintiff's RFC is adequately supported by his consideration of Plaintiff's statements, activities, the objective medical evidence, and medical opinion evidence, and passes muster under the substantial evidence standard. Therefore, it will not be disturbed.

Plaintiff's final argument is that the ALJ relied on an incomplete hypothetical question he posed to the VE to determine that jobs were available to an individual of Plaintiff's same age, education, work experience, and RFC. He contends that the ALJ ignored the VE's testimony that needing to be in a reclined position during the day would preclude work and that all the identified jobs required frequent reaching, fingering, and handling. (Doc. No. 16, pg. 21). Where, as here, a claimant argues that the ALJ should have relied on VE testimony that accounted for limitations beyond those that were included in the RFC, the argument is best understood as a challenge of the RFC itself. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED in part and DENIED in part, as specified above.

s/ Alan N. Bloch<br>United States District Judge

ecf:   Counsel of record

---

(3d Cir. 2005).  The Court has explained that the ALJ's RFC determination in this matter is supported by substantial evidence and therefore finds no error in the ALJ's consideration of the VE's testimony.  For this and the foregoing reasons, the Court will affirm the Commissioner's final decision.